Manuel Méndez Ríos et al., Plaintiffs and Appellees, *v.* Fulgencio Piñero Rodríguez et al., Defendants and Appellants.

No. 5685. Argued January 11, 1932.—Decided February 3, 1932.

*F. Piñero* and *J. Valldejuli* for appellants. *A. Aponte* for appellees.

Mr. Chief Justice Del Toro delivered the opinion of the Court.

The appellees.have moved for a dismissal of this appeal because "it has been taken for purposes of delay and is absolutely without merit." The motion was filed on December 11, 1931, and was heard on January 11, 1932, the parties being represented by counsel who argued the case.

It is alleged in the motion to dismiss that up to April 28, 1931, successive applications were submitted to the trial court for extensions of time within which to file the transcript of the evidence, which extensions were granted without jurisdiction, as the appellants had failed to elect in time the method of preparing said transcript instead of the statement of the case for perfecting the appeal and the transcript was not even filed within the time so extended, the defendants confining themselves to send up the judgment

roll. Such is the case indeed, the judgment roll having been filed on the 28th of April last.

The appellants then applied to this Court for several extensions for filing their brief. On December 4, 1931, within the extended time, they filed the brief, and, as above stated, it was not until the 11th of the same month that the appellees moved for a dismissal of the appeal on the ground stated.

There is no doubt that if the district court acted without jurisdiction in granting the extensions for filing the transcript of the evidence, the period for filing the same in this Court had already expired when it was filed; but as notice of the motion to dismiss was served after said transcript had been filed, such filing constitutes a sufficient answer to the motion in accordance with Rule 58 of this Court.

Nor is there any doubt that the seven extensions of 30 days each, which were requested for the filing of the brief were unnecessary, inasmuch as from an examination of the brief finally filed it appears that the same could easily have been prepared within the prescribed period without the necessity of any enlargement thereof. But this is not enough where, as happens in the present case, after examining the brief in connection with the transcript filed it appears that the error assigned is not without merit and that there is sufficient ground on which to base a decision.

In these circumstances, we do not think that a dismissal lies.